MEMORANDUM AND ORDER

O’TOOLE, District Judge.
The plaintiff The Cadle Company (“Cadle”) has moved for an order of civil contempt against the defendants because it says they violated Orders- of the Court dated June 30,1995 and July 7, 1995, by which the Court restrained the defendants, who are a law firm and its individual partners, “from conveying, disbursing or otherwise alienating the pledged legal fees from the so-called ‘Groton’ matter.” (Verified First Amended Complaint ¶ 50.) The defendants have responded that Cadle’s motion is frivolous and that Cadle should be subject to sanctions under Fed.R.Civ.P. 11.
The parties agree that on June 29, 1995, the day before the first Order was entered, the law firm issued a check drawn on the “Groton” account in the amount of $49,-698.39, payable to the defendants’ landlord, Faneuil Hall Marketplace, Inc. and three cheeks, each in the amount of $6,000, payable to three members of the firm. Cadle also asserts, and the defendants do not deny, that *91 the cheeks were presented and honored for payment only on or after June 30,1995. The only question, therefore, is whether the Court’s Order obligated the defendants, having issued the checks the day before, to stop payment on them or take some other affirmative action to interrupt this normal processing.
A finding of contempt is appropriate only where there is “clear and convincing evidence” that a party has violated an unequivocal order that is clear and unambiguous. Project B.AS.I.C. v. Kemp, 947 F.2d 11, 16 (1st Cir.1991). Any ambiguities or uncertainties are to “be read in a light favorable to the person charged with contempt.” Id. The plaintiffs motion falters on that standard because of both the legal implications of delivering a check and the precise language of the Court’s Orders. It is true that under Massachusetts law, “[a] check or other draft does not of itself operate as an assignment of any funds” until accepted for payment by the drawee. Mass.Gen.L. ch. 106, § 8^09(1). Thus, if the actual transfer of funds does not occur until that time, the defendants might be said to have transferred money after the date of the Order. Cf. Barnhill v. Johnson, 503 U.S. 393, 398-401, 112 S.Ct. 1386, 1389-91, 118 L.Ed.2d 39 (1992) (construing meaning of “transfer” in 11 U.S.C. § 101(54) for the purpose determining under 11 U.S.C. § 547(b)(4)(A) whether a cheek delivered by the debtor more than ninety days before a bankruptcy filing but honored within that ninety-day period was “transferred” at the earlier or later time.)
But the facts and law do not necessarily compel that interpretation. The firm’s delivery of the check meant to pay an underlying obligation would have worked to suspend the obligation until it is presented. Mass.Gen.L. ch. 106, § 3-802(l)(b); see also Barnhill, 503 U.S. at 403, 112 S.Ct. at 1392 (Stevens, J., dissenting). Thus, traditional commercial practice would have treated the cheek as “delivered” as of June 29. Barnhill, 503 U.S. at 403-04, 112 S.Ct. at 1392-93 (Stevens, J., dissenting). Consequently, the defendants could reasonably be said to have completed their actions on June 29, and thus that they did not convey or disburse anything after that point. Moreover, the defendants did not, strictly speaking, “convey or disburse” anything themselves after June 29 — the bank did. While the bank would have been acting on the defendants’ instructions, those instructions were given before June 30. The Court’s Orders did not unquestionably command the defendants to take affirmative action to stop what had been set in motion, at least not on these facts.
In sum, the relevant law and the language of the Court’s order might well be interpreted as Cadle has suggested, but that is not the only reasonable interpretation of both. In such circumstances, a contempt order should not issue. It also follows from this analysis, however, that Cadle’s motion was not frivolous or designed solely to harass the defendants and is not sanctionable.
For the foregoing reasons, Cadle’s motion for civil contempt and the defendants’ motion for sanctions are DENIED.
SO ORDERED.